UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DIONTE MARQUELL BROWN,         )
   Plaintiff,                  )
                               )
vs.                            )     No. 20-4123
                               )
DAVE CLAGUE, et. al.,          )
   Defendants                  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims several Knox County Jail Defendants violated his constitutional rights. There is some confusion in the record concerning which Defendants Plaintiff intended to sue since those identified in the caption of the complaint do not match those identified in the list of Defendants. (Comp., p. 1, 2-3). Combining both lists, Plaintiff has identified a total of seven Defendants including Sheriff Dave Clague, Jail Administrator Louis Glossip, Deputy Brad Abernanity, Deputy Dawn Dennis, Deputy Kim Matthews, Deputy Jay Z, and Deputy Mike Mitchell.

1

Plaintiff says he is a federal inmate housed at the Knox County Jail. On April 20, 2020, he woke to loud banging in the cell house. Deputies Mike Mitchell and Jay Z came to Plaintiff's cell, handcuffed him, and moved him to a different cell. The officers told Plaintiff that Senior Deputy Kim Matthews believed Plaintiff was involved in the housing unit uproar.

Approximately five minutes later, the deputies returned with Defendant Deputy Brad Abernanity who asked Plaintiff if he thought he was a tough guy. The Defendant then said he would show Plaintiff "what happens to tough guys around here." (Comp, p. 6). Defendants Abernaity, Mitchell, and Jay Z. then slammed the handcuffed Defendant into a wall causing pain, and then moved him to a third cell which was cold and had toilet water on the floor.

Defendant Dennis then arrived and told Plaintiff a tough guy like him could handle the living conditions. Plaintiff says he was left in the cell for four days. Plaintiff says he was never given a hearing or any other reason for the lockdown cell.

Unfortunately, Plaintiff has not indicted whether he was a pretrial detainee or a convicted inmate at the time of his allegations. Since Plaintiff has alleged the force was not "applied in a good-faith effort to maintain or restore discipline," Plaintiff has alleged Defendants Jay Z., Mitchell, and Abernanity either used excessive force or failed to intervene to stop the use of excessive force on April 20, 2020. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

Plaintiff has also alleged the three Defendants along with Defendant Dennies violated his constitutional rights based on his living conditions. Finally, Plaintiff may

proceed with a due process claim against the Defendants based on his placement in an unsanitary lockdown cell without a disciplinary ticket or hearing. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff has not articulated a claim against any other Defendant. Plaintiff does not allege Defendant Matthews was directly involved in his allegations and Plaintiff cannot proceed against an individual simply because he or she was a supervisor. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( supervisors are not liable for the errors of their subordinates). Therefore, the Court will dismiss Sheriff Dave Clague, Jail Administrator Louis Glossip, and Deputy Kim Matthews. Plaintiff must clarify during discovery if he was a pretrial detainee or a convicted prisoner on April 20, 2020.

Plaintiff has also filed a motion for appointment of counsel. [4]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has not demonstrated a reasonable attempt to find counsel on his own such as a list of attorneys contacted, or

copies of letters sent or received. Therefore, the motion is denied with leave to refile. [4].

    IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Deputies Jay Z., Mitchell, and Abernanity either used excessive force or failed to intervene to stop the use of excessive force on April 20, 2020; b) Defendants Mitchell, Jay Z, Abernanity, and Dennis violated Plaintiff's constitutional rights based on his living conditions; and c) Defendants Mitchell, Jay Z, Abernanity, and Dennis violated Plaintiff's due process rights when they placed him in an unsanitary lockdown cell without a hearing or disciplinary ticket. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If

Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Sheriff Dave Clague, Jail Administrator Louis Glossip, and Deputy Kim Matthews for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel with leave to renew,[4]; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 13th day of November, 2020.

                                      s/James E. Shadid
                     _____
                                  JAMES E. SHADID
                          UNITED STATES DISTRICT JUDGE